TRULINCS 54652509 - PARVIZ, MAHSA - Unit: MIM-A-E

--------------------------------------------------------------------------------

FILED BY _____ fz _____ D.C.

MAY - 0 6 - 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MAHSA PARVIZ
P.O. Box 019120
Miami, FL 33101
Tel.: (972) 375-1202
E-mail: bparviz@collin.edu

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MAHSA PARVIZ,<br>   Petitioner,<br><br>v.<br><br>SAMANTHA SERRANO,<br>   Federal Detention Center Miami,<br><br>WILLIAM LOTHROP, III,<br>   Bureau of Prisons Director,<br>   Respondents. | Case No. _____<br><br>VERIFIED PETITION FOR WRIT OF HABEAS<br>CORPUS UNDER 28 U.S.C. SECTION 2241,<br>   REQUEST FOR EXPEDITED CONSIDERATION,<br>MOTION FOR APPOINTMENT OF COUNSEL |

COMES NOW, MAHSA PARVIZ, Petitioner, and filed this VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. SECTION 2241, REQUEST FOR EXPEDITED CONSIDERATION, and MOTION FOR APPOINTMENT OF COUNSEL.

    I.      PARTIES

1.1   Petitioner MAHSA PARVIZ is in the custody of the Bureau of Prisons, at the Federal Detention Center Miami in Miami, Florida.

1.2   Respondent SAMANTHA SERRANO is the Warden of Federal Detention Center Miami, located within the Southern District of Florida and in the jurisdiction of this Court, and is named in her official capacity.

1.3   Respondent, through the Bureau of Prisons, an agency of the United Stated Department of Justice, is responsible for Petitioner's custody and administration of their term of incarceration, including the application of time credits.

    II.     JURISDICTION

2.1   This Court has jurisdiction over this action pursuant to 28 U.S.C. Sec. 2241, because Petitioner's term in custody is being executed in a manner that exceeds the lawful sentence and violates the Constitution and laws of the United States.

2.2   This Court also has jurisdiction over this action pursuant to the constitutional writ of habeas corpus and the Court's ancillary jurisdiction over management of its proceedings, vindication of its authority, and effectuation of its decrees. See, e.g. Boumediene v. Bush, 553 U.S. 723, 729 (2008).

2.3   Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1404 because the action arises out of the Constitution and laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

2.4   Petitioner invokes the jurisdiction of this Court pursuant to 28 U.S.C. Sec. 1343(a)(4) because she seeks to redress the deprivation of their rights guaranteed by both the Constitution and federal statutes.

2.5   This petition was initially filed as Cause No. 2:23-cv-01407-JHC-DWC in the Western District of Washington when Petitioner was held at Federal Detention Center SeaTac and was dismissed without prejudice to refiling for want of jurisdiction as Petitioner had been transferred to the State of Florida. Petitioner respectfully requests that judicial notice be taken, pursuant to Federal Rules of Evidence 201 and the Court's inherent authority, of the docket and all relevant filings therein. Petitioner was transferred from FDC SeaTac to FCI Tallahassee on May 7, 2024, to participate in RDAP/FIT, a drug program which she did not need as per all FSA Needs Assessments performed by the BOP, and was subsequently transferred to FDC Miami on February

*1 of 4*

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: MIM-A-E
---------------------------------------------------------------------------------------------------------------------------

25, 2025.

### III.   STATEMENT OF FACTS

3.1   On December 16, 2023, Petitioner was found guilty by a jury of one count of making a false statement on a passport application in violation of 18 U.S.C. Sec. 1542 and one count of aggravated identity theft in violation of 18 U.S.C. Sec. 1028(a).

3.2   The indictment provides an offense date of June 11, 2019 for both counts.

3.3   On July 12, 2022, Petitioner was sentenced in the Central District of California under Cause No. 2:21-cr-00293-SB (DMGx) to "a total term of 61 months: 37 months as to Count One, and 24 months as to Count Two, to be served consecutively." See Judgment at Dkt. # 121 in Central Dist. of CA USDC Cause No. 2:21-cr-00293-SB (DMGx).

3.4   Petitioner is a U.S.-born citizen and is serving her sentence at the Federal Detention Center Miami with a projected release date, as calculated by the BOP, of January 3, 2026.

3.5   Petitioner is eligible to receive Earned Time Credits ("ETCs") and other time credits.

3.6   On the offense date for both Federal offenses, Petitioner was serving an undischarged sentence in the State of Texas for Attempted Kidnapping (in relation to a then-contentious child custody dispute between parties who have now reconciled). The Federal Court properly determined at sentencing that the Texas State Attempted Kidnapping offense of August 9, 2019, is relevant conduct, however, Petitioner did not receive credit towards her sentence. This decision was upheld on March 19, 2025, by the Ninth Circuit on direct appeal, C.A. No. 22-50160. Pursuant to 18 U.S.C. Sec. 3585, the BOP is vested with the sole authority to credit Petitioner for time served and application of the credit is mandatory.

3.7   Ms. Parviz, who was incarcerated from August 9, 2019, to January 5, 2021, and from July 12, 2021, to the present date for engaging in the relevant offense conduct, has only been credited for exactly one year of time served prior to sentencing on July 12, 2022. Attached hereto as "EXHIBIT A" is a true and correct copy of electronic CopOut correspondence between Petitioner and the Warden of her BOP detention facility regarding her request for Kayfez Credits and Petition for Application of Earned FSA Time Credits ("FTCs") with a detailed log of all dates required to be applied, which is fully incorporated herein as though set forth at length. Warden I. Jacquez at FDC SeaTac had approved the Petition for Application of Earned FSA Time Credits ("FTCs") but Petitioner was transferred to multiple facilities and all her credits were subsequently unlawfully withheld.

3.8   If the BOP applied the ETCs and other time credits that Petitioner has earned, Petitioner would be entitled to immediate release and has served several years in excess of that authorized under the Judgement of July 12, 2022, such that she would be released without any term of supervision remaining. To date, the BOP has applied 0 of 365 days of FTCs, a fraction of all good time credits ("GTCs") and 0 of 517 days of other time credits to Petitioner, without affording Petitioner her due process rights to arguing against improper withholding of said credits.

3.9   The Bureau of Prisons has taken the position that Petitioner is not eligible for ETCs and has failed to offer any explanation why. Petitioner submitted all administrative remedy forms from BP-8 to BP-10 to the proper administrative levels and sent form BP-11 to the Bureau of Prisons Office of General Counsel on July 3, 2023 requesting her time credits and did not receive a response, although a response should have been received within 30 days. Thereafter, Petitioner filed the instant habeas action on September 8, 2023 (See Petition at Dkt. # 1 in the Western Dist. of WA USDC Cause No. 2:23-cv-01407-JHC -DWC). Petitioner has exhausted her administrative remedies but continues good faith attempts at informal resolution of her claims or ETCs under the FSA and other time credits under 18 U.S.C. Sec. 3585.

3.10   On or about March 19, 2025, Bureau of Prisons Special Investigative Services Lieutenant Rodriguez at FDC Miami stated to Petitioner and another BOP employee that he personally recommends to the Warden and any other authority that Petitioner's FSA credits be applied to facilitate her immediate release.

### IV.   STATUTORY BACKGROUND

4.1   The First Step Act ("FSA") provides that inmates "shall" earn ETCs for successful programming. 18 U.S.C. Sec. 3632(d)(4)(A).

4.2   The FSA provides that the credits "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. Sec. 3632(d)(4)(C). That same subsection mandates that "the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release."

TRULINCS 54652509 - PARVIZ, MAHSA - Unit: MIM-A-E

--------------------------------------------------------------------------------------------------------

4.3   Individuals are not eligible to apply credits "if the prisoner is serving a sentence or conviction" under specified "provisions of law." 18 U.S.C. Sec. 3632(d)(4)(D).

4.4   Petitioner's federal offenses do not disqualify her from applying ETCs.

4.5   The BOP must apply earned time credits to eligible people who have earned them and "cannot categorically make prisoners ineligible for such credits in a manner that contravenes the statutory scheme set forth in 18 U.S.C. Sec. 3632." Sierra v. Jacquez, No. 2:22-cv-01509-RSL-BAR, 2022 WL 18046701, at *4 (W.F. Wash. Dec. 27, 2022), report and recommendation adopted, No. C22-1509-RSL-BAT, 2023 WL 184225 (W.D. Wash. Jan. 13, 2023).

4.6   18 U.S.C. Sec. 3585 provides that the BOP "shall" credit inmates, like Petitioner, for time served in custody after the federal offense date if the time served has not been credited against another sentence.

### V.      STATEMENT OF RELATED CASES

5.1   To wit, Cause No. 2:23-cv-00755-RSL, 2:23-cv-01407-JHC-DWC and 2L23-cv-01620-TL *SEALED* in the Western District of Washington are the only related cases.

### VI.     NO WAIVER

6.1   Petitioner provides notice of intent to supplement or amend the instant petition when counsel is appointed. Petitioner does not waive any rights, claims or defenses and provides notice that she expressly reserved any such rights, claims or defenses.

### VII.    REQUEST FOR EXPEDITED CONSIDERATION

7.1   Petitioner requests expedited consideration of her claims under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

7.2   If this Court is unable to expedite consideration of the claims herein to resolve all matters within thirty (30) days of submission, Petitioner respectfully requests this Court temporarily release Petitioner on her own recognizance or under any terms it deems just. Petitioner and her surety, Bahman Parviz-Khyavi, are able to post, as secured collateral valued at approximately $750,000.00, the property located at 15025 Farmcote Drive, Frisco, Texas, 75035, within Collin County, Texas.

### VIII.   MOTION FOR APPOINTMENT OF COUNSEL

8.1   Petitioner moves this honorable Court for appointment of counsel to represent Petitioner in these proceedings pursuant to 18 U.S.C. Sec. 3006A(a)(2)(B).

### IV.     REQUESTED RELIEF

9.1   WHEREFORE, PREMISES CONSIDERED, Petitioner requests that this Court:

1.   Consider this petition on an expedited basis;

2.   Appoint counsel;

3.   Release Petitioner on her own recognizance pending a determination on the merits of her claims;

4.   Grant the writ of habeas corpus;

5.   Require that the Bureau of Prisons apply Petitioner's time credits; and

6.   Grant such other and further relief, pursuant to 28 U.S.C. Sec. 2243, as law and justice require.

### V.      VERIFICATION

10.1   I, MAHSA PARVIZ, am the Petitioner in this Petition Writ of Habeas Corpus Under 18 U.S.C. Sec. 2241. I declare under

3 of 2

penalty of perjury that the foregoing is based on true and correct facts of my own personal knowledge and if called upon, I am willing and able to competently testify as to the facts herein.

EXECUTED on this 11th day of April, 2025, at Miami, Florida.

MAHSA PARVIZ

DATED this 11th day of April, 2025.

Respectfully submitted,

MAHSA PARVIZ
P.O. Box 019120
Miami, FL 33101

Mahsa Parviz (#54652509)
% FDC Miami
P. O. Box 019120
Miami, FL 33101

REC'D BY_____D.C.

MAY 06 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MIAMI FL 330

1 MAY 2025 PM 6 L

Federal Courthouse
Attn: Clerk (New Habeas Petition)
400 N. Miami Ave. #8
Miami, FL 33128

33126-180549