UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22094-ALTMAN

**MAHSA PARVIZ**,

    *Petitioner*,

*v.*

**SAMANTHA SERRANO, WARDEN OF FEDERAL DETENTION CENTER MIAMI and WILLIAM LOTHROP, III, DIRECTOR OF FEDERAL BUREAU OF PRISONS**,

    *Respondents*.

_____/

**ORDER**

The Petitioner, Mahsa Parviz, has filed an *Ex Parte* Motion for Automatic Substitution of Successor Respondents ("Motion") [ECF No. 8]. Parviz says that "Samantha Serrano"—one of the Respondents—"is no longer the Warden" at Federal Detention Center ("FDC") Miami. *Id.* at 1. She therefore asks us to substitute in the new Warden of FDC Miami. *Ibid.*

Since the "denial of a habeas petition for failure to name the proper respondent would give an unreasonably narrow reading to the habeas corpus statute[,]" courts may "order substitution for the proper respondents[.]" *Mayorga v. Meade*, 2024 WL 4298815, at *3 (S.D. Fla. Sept. 26, 2024) (Bloom, J.) (cleaned up). And that's what we'll do here. When a petitioner (like Parviz) challenges her "present physical confinement," the Supreme Court has held that "the immediate custodian, not the supervisory official who exercises legal control, is the proper respondent." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Parviz is detained at FDC Miami, so her immediate custodian is Roger D. Morris, the

Acting Warden. We therefore **ORDER AND ADJUDGE** that the Clerk shall **SUBSTITUTE** in Acting Warden Roger D. Morris as the Respondent in this case.[1]

**DONE AND ORDERED** in the Southern District of Florida on May 19, 2025.

                                                **ROY K. ALTMAN**
                                                **UNITED STATES DISTRICT JUDGE**

cc:      Mahsa Parviz, *pro se*

           Noticing 2241/Bivens U.S. Attorney
           Email: usafls-2255@usdoj.gov

---

[1] One more thing. Since Parviz labeled her Motion "*ex parte*," the Clerk filed it under seal. Motion [ECF No. 8] at 1. We'll leave it under seal because the Motion appears to contain confidential information—like email addresses and phone numbers—that should not be on the publicly available docket. But, if Parviz wants to file any future document under seal, Parviz must comply with Local Rule 5.4, which requires her to file "a motion to file under seal that sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but *without* attaching or revealing the content of the proposed sealed material." S.D. Fla. L.R. 5.4(b)(1) (emphasis added).