UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22094-ALTMAN

**MAHSA PARVIZ**,

    *Petitioner*,

v.

**ROGER D. MORRIS**,

    *Respondent.*

_____/

## ORDER

On July 29, 2025, we dismissed Mahsa Parviz's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") [ECF No. 1] for her failure to exhaust her administrative remedies. *See* Order Dismissing Petition [ECF No. 28]. Parviz has now filed a "Motion for New Trial Pursuant to Federal Rule of Civil Procedure 59" ("Motion") [ECF No. 34], which we construe as a motion for reconsideration (under FED. R. CIV. P. 59(e)) of our order dismissing her Petition. In a nutshell, Parviz insists that never-before-seen "declarations" prove that she exhausted "all available administrative remedies," and that "[n]one of the claims" in her Petition required her to file a "BP-8 or BP-9" Form "at the institutional level" to fully exhaust her administrative remedies in the BOP. Motion at 1. After careful review, we **DENY** Parviz's Motion.

### THE LAW

A party may file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (cleaned up); *see also Eveillard v. Nationstar Mortg. LLC*, 2015 WL 1191170, at *5 (S.D. Fla. Mar. 16, 2015) (Bloom, J.) (noting that "an intervening change in controlling law" may serve as a basis

for Rule 59 relief). As a result, parties "cannot use a Rule 59(e) motion to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *see also Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed.").

## ANALYSIS

As a preliminary matter, Parviz brought her Motion under FED. R. CIV. P. 59(a). *See* Motion at 1 (moving for a "new trial" under Rule 59); FED. R. CIV. P. 59(a)(1) (providing that a court may, "on motion, grant a new trial on all or some of the issues" after a jury or nonjury trial). But we don't conduct trials in *habeas* proceedings (like this one), so Parviz can't seek relief under Rule 59(a). That said, Parviz is proceeding *pro se*, and "we construe *pro se* filings liberally to afford review on any legally justifiable base." *Smith v. United States*, 420 F. App'x 944, 945 (11th Cir. 2011). We think it's clear, therefore, that Parviz is seeking Rule 59(e) reconsideration of our order dismissing her Petition. *See, e.g.*, Motion at 1 ("Petitioner prays that this Court . . . rule on the merits of her habeas petition, and grant all relief which has been requested and to which Petitioner may be entitled."); *see also* FED. R. CIV. P. 59(e) (permitting a "motion to alter or amend a judgment," which "must be filed no later than 28 days after the entry of the judgment") Plus, Parviz's Motion is timely under Rule 59(e), since she filed it within 28 days of our Order. *Compare* Motion at 1 (signed "August 18, 2025"),[1] *with* Order of Dismissal [ECF No. 28] at 11 (entered "July 29, 2025"). So, we'll treat the Motion as a Rule 59(e) motion for reconsideration.

---

[1] We'll deem Parviz's Motion filed on August 18, 2025—the day she signed it. *See Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it.").

With that out of the way, we turn to the Motion's merits. Parviz advances two arguments. *First*, she claims that she "was prevented by [the] Respondent[ ] from filing evidence" with us before we ruled on her Petition. Motion at 1. Parviz explains that, on July 22, 2025, the "Respondent[ ] tampered with and destroyed [her] legal property"—which she'd "diligently prepared" as "evidence" of exhaustion—and she filed "several supporting declarations" describing "said incident." *Ibid.*; *see also* Declaration of DonMichael Barbour ("Barbour Decl.") [ECF No. 32] at 3; Declaration of Jessica Ensign ("Ensign Decl.") [ECF No. 33-1]; Declaration of Niurka Del Carmen Rodriguez Guzman ("Guzman Decl.") [ECF No. 33-2]; First Declaration of Mahsa Parviz ("First Parviz Decl.") [ECF No. 32]; Second Declaration of Mahsa Parviz ("Second Parviz Decl.") [ECF No. 35]; Declaration of Temesia Greene ("Greene Decl.") [ECF No. 36]. *Second*, she argues, in the alternative, that "[n]one of the claims" in her Petition required her to exhaust her administrative remedies "at the institutional level via a BP-8 or BP-9" Form. *Ibid.* Both arguments fail.

Starting with her supposed evidence of exhaustion, "a Rule 59(e) motion is *not* a vehicle by which a party can 'present evidence that could have been raised prior to entry of judgment.'" *Mitchell v. City of Mobile*, 2017 WL 3262129, at *2 (S.D. Ala. July 28, 2017) (emphasis added) (quoting *Michael Linet, Inc.*, 408 F.3d at 763). But that's exactly what Parviz is trying to do here. For one thing, *none* of Parviz's supporting documents actually *describe* her newly found (and promptly perished) evidence.[2]

---

[2] The only declaration that (arguably) identifies this never-before-seen evidence is the Declaration of DonMichael Barbour, in which Barbour—Parviz's former attorney—claims to have personal knowledge that Parviz "submitted a Petition to the Warden for Application of her Earned FSA Time Credits, which was approved by FDC SeaTac Warden Israel Jacquez." Barbour Decl. ¶ 5. Trying to justify her failure to offer this declaration before, Parviz claims that she "mailed" Barbour's Declaration "on or about July 2, 2025," but says that, for reasons that remain unclear, it was never docketed. First Parviz Decl. ¶ 2. Even if we were to consider Barbour's Declaration, though, Parviz *still* couldn't establish that she exhausted her time-credits claim at FDC SeaTac because Parviz's grievance history shows that she *only* requested credit for *time she spent in state custody*—rather than for any time credits she earned in federal custody—when she filed BP-10 and BP-11 Forms at FDC SeaTac. *See* Order Dismissing Petition at 7 (noting that Parviz filed a BP-10 Form on February 15, 2024, and a BP-11 Form on March 5, 2024, while housed at FDC SeaTac—both for "Jail Time Credit

For another, whatever "evidence" went "missing" on July 22, 2025, was plainly available to Parviz *before* then—which means that she would've had it when she filed her Petition on April 11, 2025, all the way up until her July 7, 2025 deadline to reply to the Respondent. *See* Petition at 4 (signed "11th day of April, 2025"); *see also* Paperless Order [ECF No. 20] ("We'll give Parviz until July 7, 2025, to reply the Respondent's Response to our Order to Show Cause."). And it's now way too late for Parviz to supplement the record with evidence she omitted from her previous filings. *See Boneta v. Am. Med. Sys., Inc.*, 2021 WL 2037797, at *2 (S.D. Fla. May 21, 2021) (Ruiz, J.) ("Simply put, the Federal Rules of Civil Procedure do not afford a party against whom an issue has been adversely decided a second bite at the apple under the guise of a motion to reconsider." (cleaned up)).

As for Parviz's second argument—that she never needed to file a BP-8 or BP-9 form at her facility to exhaust her claims—we're unpersuaded for two reasons. *First*, she's never made this argument before. In her Petition, remember, Parviz told us that she *had* exhausted her remedies by submitting "*all administrative remedy forms* from BP-8 to [BP-11] to the proper administrative levels[.]" Petition at 2 (emphasis added). When the Respondent asserted that she'd failed "to first file [a BP-9 form] at the institution level," as *required*, Order Dismissing Petition at 7, Parviz replied that the BOP never made such "administrative remedy forms readily available to [inmates] like [her]," Reply [ECF No. 22] at 3. Parviz *now* argues, for the first time, that she never needed to file a grievance at her institution to exhaust her time-credits claims in the first instance. *See* Motion at 1 ("None of the claims before this Court were required to be initiated at the institutional level via a BP-8 or BP-9."). But "motions for reconsideration cannot be used 'to relitigate old matters . . . [or] raise [new] argument[s].'" *Quality of Life, Corp. v. City of Margate*, 2019 WL 201350, at *2 (S.D. Fla. Jan. 15, 2019) (Bloom, J.) (quoting *Michael Linet, Inc.*, 408 F.3d at 763); *see also Grey Oaks Country Club, Inc. v. Zurich Am. Ins. Co.*,

---

550 Days" (cleaned up)); *see also* Judgment of Conviction [ECF No. 14-1] at 6 (crediting Parviz for time spent in "state jail" from her August 9, 2019 arrest through January 5, 2021).

2019 WL 4594591, at *2 (M.D. Fla. Sept. 23, 2019) (Steele, J.) ("Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." (cleaned up)).

*Second*, the argument is just wrong on its own terms. The BOP Administrative Remedy Program applies to an inmate seeking "review of an issue relating to *any aspect* of his/her own confinement." 28 C.F.R. § 542.10(a) (emphasis added). And Parviz's claim "that the BOP failed to award [time credits] certainly constitutes an aspect of an inmate's confinement[.]" *Greene v. Coil*, 2020 WL 4480865, at *3 (N.D. Fla. July 2, 2020) (Frank, Mag. J.), *report and recommendation adopted*, 2020 WL 4480766 (N.D. Fla. Aug. 4, 2020) (Hinkle, J.); *see also Jaimes v. United States*, 168 F. App'x 356, 358 (11th Cir. 2006) ("A prisoner seeking credit against his sentence for time in custody must exhaust BOP administrative remedies." (citation omitted)). Parviz, in other words, needed to follow *all steps* in the Administrative Remedy Program, which (as we explained) required her first to "seek[ ] informal resolution" through a BP-8 Form before "fil[ing] a 'formal written Administrative Remedy Request' on a BP-9 Form with the Warden" of her institution. Order Dismissing Petition at 5 (quoting 28 C.F.R § 542.14(a)). We determined that "she didn't exhaust her administrative remedies" at the institutional level for *any* of her time-credit claims,[3] *id.* at 7, and Parviz offers us *no* exception to this well-established requirement.[4]

---

[3] Although we never addressed it in our order, our finding that Parviz failed to exhaust her remedies applies with equal force to her conclusory request for good conduct time ("GCT") credits. As an initial matter, the Respondent never addressed this issue because Parviz didn't advance a proper GCT-credits claim in her Petition. *See* Petition at 2 (alleging only that "the BOP has applied . . . a fraction of all good time credits" without offering *any* specific facts about this claim); *see generally* Response. Despite her *pro se* status, Parviz must "*specify* . . . the grounds for relief available" to her and "*state the facts* supporting each ground." Rule 2(c), Rules Governing § 2254 Cases (emphasis added); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) (explaining that "[h]abeas petitions must meet heightened pleading requirements" (citation omitted)). Nevertheless, a quick review of Parviz's grievance history shows that she failed to exhaust this claim *also*, and she's never offered any evidence suggesting otherwise. *See* Administrative Remedy Generalized Retrieval [ECF No. 14-2] at 13 (listing only one Regional Office appeal in which Parviz "request[ed] restoration of [good conduct] time," which was received on July 29, 2024, and then rejected (cleaned up)).

[4] Parviz cites a BOP policy for the proposition that "[a]n informal resolution attempt *may* be waived in individual cases at the Warden or institution Administrative Remedy Coordinator's discretion when

For all these reasons, Parviz "has failed to proffer facts or law of a strongly convincing nature that would induce [us] to employ the extraordinary remedy of reconsideration." *Guevara v. NCL (Bahamas) Ltd.*, 2017 WL 6597980, at *2 (S.D. Fla. May 26, 2017) (Williams, J.); *see also Stevens v. United States*, 2010 WL 11506726, at *1 (S.D. Fla. Dec. 20, 2010) (Dimitrouleas, J.) ("Motions for [r]econsideration under Rule 59(e) should not be granted, absent highly unusual circumstances." (citation omitted)). We therefore **ORDER AND ADJUDGE** that Mahsa Parviz's "Motion for New Trial Pursuant to Federal Rule of Civil Procedure 59" [ECF No. 34] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on September 10, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Mahsa Parviz, *pro se*
      counsel of record

---

the inmate demonstrates an acceptable reason for bypassing informal resolution." BOP Program Statement Excerpt #2 [ECF No. 37] at 5 (emphasis added). But this exception is, by its own terms, entirely discretionary. At any rate, as Parviz admits, this exception only applies in "sensitive" cases, disciplinary-hearing appeals, "control unit appeals," and "controlled housing status appeals"—circumstances that have *nothing* to do with the BOP's calculation of Parviz's time credits. BOP Program Statement Excerpt #1 [ECF No. 35] at 5–6.